**IN THE UNITED STATES BANKRUPTCY
COURT FOR THE NORTHERN DISTRICT OF
ILLINOIS EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mehbub S. Kapaida and Seema M. Kapaida, | ) | Chapter 13 |
| | ) | Case No. 17-36432 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |
| | ) | |
| Mehbub S. Kapaida and Seema M. Kapaida, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Case No. 20-00168 |
| vs. | ) | |
| | ) | |
| JPMorgan Chase Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT
PURSUANT TO FED. R. CIV. P. RULE 12(B)(6)**

Pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(6) and Rule 7012 of the Federal Rules of Bankruptcy Procedure, defendant, JPMorgan Chase Bank, N.A. ("Chase"), by its undersigned counsel, hereby moves to dismiss the Complaint to Determine the Extent of Lien of JPMorgan Chase Bank, N.A., Stay Violation, Statutory Damages and for an Accounting (the "Adversary") filed by Plaintiffs Mehbub S. Kapaida and Seema M. Kapaida (the "Debtors") against Chase. In support of its Motion, Chase states as follows:

1.      The Debtors purport to assert three claims in the Adversary. Each of these claims fail. Count I seeks a determination pursuant to 11 U.S.C 506(a)(1) that the extent of Chase's claim is $259,500, though it does not allege any diminution in value of the property and defies simple arithmetic based on the Debtors' own allegations. Count II purports to assert a violation of the automatic stay under 11 U.S.C. §

362, but is based on a payoff quote Chase provided to the Debtors, which is not considered a collection activity that can constitute a stay violation. Count III attempts to assert a claim for a willful failure to credit plan payments under 11 U.S.C. § 524(i), again based on the payoff quote which is not a collection activity and despite the fact that courts have held that this section only provides a potential post discharge remedy.

2. Rule 12(b)(6) of the Federal Rules of Civil Procedure and Rule 7012 of the Federal Rules of Bankruptcy Procedure permit a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *See, e.g., In re Lopresti*, 397 B.R. 62 (N.D. Ill. 2008). A complaint is not required to have detailed factual allegations, but it is not enough merely that there might be some conceivable set of facts that entitles the plaintiff to relief. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65 (2007).

### *The Debtors Fail to State a Claim Seeking a Determination of the Extent of the Lien or Secured Claim (Count I)*

3. The Debtors fail to state a claim seeking a determination of the extent of Chase's lien or secured claim under 11 U.S.C. § 506(a)(1) ("Section 506(a)") because they have not alleged a diminution in the value of the property.

4. Under Section 506(a)(1) "[a]n allowed claim of a creditor secured by a lien on property in which the estate has an interest ... is a secured claim to the extent of the value of such creditor's interest in the property ..., and is an unsecured claim to the extent that the value of such creditor's interest ... is less than the amount of such allowed claim ....".

5. Accordingly, "under § 506(a)(1), to separate a claim into its secured and unsecured portions, the bankruptcy court must first determine the market value of the collateral securing the claim, and the creditor's claim is treated as secured only up to the value of the collateral." *In re Allegretti*, No. 17BK17844, 2017 WL 8218842, at *3 (Bankr. N.D. Ill. Dec. 15, 2017).

6. Here, the Debtors' Chapter 13 plan was confirmed on October 1, 2018, and amended pursuant to an Agreed Order on October 16, 2018. The Debtors allege that Chase has secured claims in the amount of $610,000 plus 5 percent interest, and $39,594.47 with no interest, both to be paid over the life of the plan. (Adversary ¶12.)

7. The Debtors do not allege the amounts of the secured claims were wrongly determined as part of the Agreed Order, or that the property has diminished in value such that they should be adjusted. Instead, they allege that based on a payoff quote Chase provided (which as described below is not a collection activity) and the amount they have paid under the plan, the remaining amount of Chase's claim is $259,500. (Adversary ¶20.) However, such an accounting is not properly a claim under Section 506(a)(1), and the Debtors' Count I should accordingly be dismissed pursuant to Rule 12(b)(6).

8. Furthermore, even if the Debtors could assert a claim under Section 506(a)(1), by their own allegations, the Debtors admit that they have only made 25 payments, totaling $337,500. Confusingly, though the Debtors admit they have only paid $337,500, and that Chase's secured claims (not including interest amount to $649,594.47) they allege that Chase is only owed a total of $259,500 under the plan.

9. This allegation defies simple arithmetic, even without interest the Debtors owe at least $312,094.47 based on the alleged amount they have paid under the plan and the principal amounts of each of Chase's secured claims ($610,000 + $39,597.47 -$337,500 = $312,094.47). For this additional reason, the Debtors' Count I should be dismissed.

### *The Debtors Fail to State a Claim for Violation of the Automatic Stay Provision (Count II)*

10. The Debtors allege that "[based] on a payoff statement Chase dated December 11, 2019, JPMC asserts the amount to pay the secured claim is $447,827.48" but Debtors' claim the payoff amount "should be $259,500.00 based on the amounts of payments made and that payments have only been paid by the Chapter [sic] Trustee to JPMC." (Adversary ¶15.)

3

11. Based on these allegations, the Debtors conclude that Chase "attempted to collect the amount due [sic] by raising the amount due by not crediting all payments by the Chapter Trustee and creating additional charges which are not allowed," and therefore Chase violated the automatic stay under 11 U.S.C. 362(a). (Adversary ¶22, 23.)

12. However, the Debtors' claim in Count II fails because payoff statements do not constitute collection activity in violation of the automatic stay. In *Redmond v. Fifth Third Bank*, 624 F.3d 793, 800-01 (7th Cir. 2010), the Seventh Circuit held:

> Section 362(a) prohibits collection activities in violation of the stay, such as attempting to convert an unsecured prepetition claim into a secured claim, attempting to obtain possession of property of the Chapter 13 estate, or attempting to perfect a lien against property of the estate….Payoff letters, however, are not acts of collection and therefore do not constitute violations of the automatic stay.

13. Because the Debtors fail to state a claim for violation of 11 U.S.C. 362(a), Count II should be dismissed pursuant to Rule 12(b)(6).

### *The Debtors Fail to State a Claim for Violation of 11 U.S.C. §524(i) (Count III)*

14. In Count III of the Adversary the Debtors claim that Chase violated 11 U.S.C. § 524(i) ("Section 524(i)"), again based on a December 2019 payoff quote.

15. Section 524(i), provides as follows:

> The willful failure of a creditor to credit payments received under a plan confirmed under this title, unless the order confirming the plan is revoked, the plan is in default, or the creditor has not received payments required to be made under the plan in the manner required by the plan (including crediting the amounts required under the plan), shall constitute a violation of an injunction under subsection (a)(2) if the act of the creditor to collect and failure to credit payments in the manner required by the plan caused material injury to the debtor.

16. The Debtors conclude that "[f]ailure of JPMC to properly credit Plaintiff's payments constitutes a violation of 11 U.S.C. § 524(i)." (Adversary ¶23.)

17.    As an initial matter, the plain language of Section 524(i) provides that it does not apply if the "plan is in default" – here, the Debtors' plan is in default and the Trustee has a pending Motion to Dismiss for Failure to Make Plan Payments. (*See,* 17-bk-36432, Dckt #53.) For this reason alone, the Debtors' Section 524(i) claim (Count III) should be dismissed for failure to state a claim.

18.    However, even if the Debtors plan were not in default, Section 524(i) does not provide a potential remedy to debtors until *after discharge*. Specifically, a bankruptcy court in the Seventh Circuit has explained that Section 524(i) "provides debtors with a ***post-discharge remedy*** in the event a creditor willfully fails to credit payments received under a confirmed plan." *In re Patton*, No. 07-28262, 2008 WL 5130096, at *2 (Bankr. E.D. Wis. Nov. 19, 2008) (emphasis added). *See also, In re Nosek*, 544 F.3d 34, 48 (1st Cir. 2008) (Section 524(i) provides debtors a "potential remedy, post-discharge, if a creditor has failed to honor the terms of a confirmed plan by not properly crediting payments received as required by the plan."); *In re Winston*, 416 B.R. 32, 37 (Bankr. N.D.N.Y. 2009) ("Section 524(i) contains no language indicating that it is anything other than a post-discharge remedy").

19.    Here, the Debtors have not been discharged and indeed there are no allegations that Chase has attempted to collect anything here, much less that it is attempting to collect more than it is entitled to under the plan. As described above, a payoff quote is not a collection activity. (*See* Paragraph 14, above.)

20.    Accordingly, because Section 524(i) does not apply in this case, the Debtors' claim for violation of Section 524(i) (Count III) should be dismissed.

WHEREFORE, for the reasons stated herein the Court should enter an order dismissing the Complaint to Determine the Extent of Lien of JPMorgan Chase Bank, N.A., Stay Violation, Statutory

Damages and for an Accounting filed by Plaintiffs Mehbub S. Kapaida and Seema M. Kapaida pursuant to Federal Rule of Procedure 12(b)(6), and for other such relief the Court deems just and proper.

Date: July 20, 2020            JPMORGAN CHASE BANK, N.A.

                                             By:    /s/ *Susan J.M. Overbey*
                                                        One of Its Attorneys

Susan J.M. Overbey (ARDC #6290246)
soverbey@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 N. Wabash, Suite 2100
Chicago, IL 60611
Tel: 312-840-7000 / Fax: 312-840-7900

# IN THE UNITED STATES BANKRUPTCY COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| Mehbub S. Kapaida and Seema M. Kapaida, | ) | Chapter 13 |
| | ) | Case No. 17-36432 |
| | ) | |
| Debtor. | ) | Judge Jacqueline P. Cox |
| | ) | |
| | ) | |
| Mehbub S. Kapaida and Seema M. Kapaida, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Case No. 20-00168 |
| vs. | ) | |
| | ) | |
| JPMorgan Chase Bank, N.A., | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF MOTION

To:   See attached Certificate of Service

Please take notice that on July 27, 2020 at 9:00 a.m., the undersigned shall appear before the Honorable Jacqueline P. Cox, and present Defendant's Motion to Dismiss Plaintiffs' Adversary Complaint Pursuant to Fed. R. Civ. P. Rule 12(B)(6), a copy of which is attached hereto and served upon you.

Date:   July 20, 2020                                     Respectfully Submitted,

                                                         JPMorgan Chase Bank, N.A.,


                                                         By:   */s/ Susan J.M. Overbey*
                                                                    One of Its Attorneys

Susan J.M. Overbey (ARDC #6290246)
soverbey@burkelaw.com
Burke, Warren, MacKay & Serritella, P.C.
330 North Wabash Avenue, Suite 2100
Chicago, Illinois 60611
Tel: (312) 840-7000 / Fax: (312) 840-7900

## CERTIFICATE OF SERVICE

      The undersigned states that she caused true and correct copies of the foregoing Notice of Motion and Defendant's Motion to Dismiss Plaintiffs' Adversary Complaint Pursuant to Fed. R. Civ. P. Rule 12(B)(6) to be filed and served via the Court's CM/ECF electronic filing system on July 20, 2020.

/s/ *Susan J.M. Overbey*
Susan J.M. Overbey

15485\01001\4810-4222-3299